HAWTHORNE, Justice
(concurring in part and dissenting in part).
I concur in the decree on rehearing insofar as it dismisses plaintiff’s suit as to Tract 2. I dissent from the holding of the majority of the court in all other respects for the legal reasons assigned in my dissent to the original opinion, and I am in full accord with the legal principles on which the dissent of Justice McCALEB on rehearing is based.
As just stated, I have not changed my position in regard to the principles of law upon which I founded my dissent on first hearing. I note, however, that there appears to be some ambiguity in my statement of facts dealing with acts of possession by the defendant, and I take this opportunity to clear up that ambiguity.
The 1,000-acre tract referred to in my dissent on first hearing consisted of 442 acres conveyed to Phenis by Dusenbury and 5S2 acres conveyed to Phenis by Louisiana Meadows Company, Ltd. Both of these tracts were subsequently acquired by defendant Manufacturers Record Publishing Company and leased by it to Humble Oil & Refining Company. Trapping leases, sales of timber, and other acts of possession mentioned in my original dissent had reference to the 1,000 acres. For instance, the 11 wells drilled by Humble were on the 1,000-acre tract; only two of these wells were drilled on the 408 acres in controversy in this suit, and they were on the tracts designated as Tracts 1 and 3.